**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LISA HAMILTON,

    Plaintiff,

v.                                         Case No: 8:13-cv-2107-T-30TBM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

THIS CAUSE comes before the Court upon the Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Complaint (Dkt. #5) and Plaintiff's Response in Opposition to Motion (Dkt. #7). Upon review and consideration, the Court concludes that the Motion should be denied.

*Background*

Plaintiff, Lisa Hamilton ("Hamilton") and her husband were involved in a motor vehicle accident while Mr. Hamilton was operating a motorcycle. Mr. Hamilton died as a result of the accident. The driver of the other vehicle was uninsured at the time of the accident. Hamilton had three policies in effect with State Farm Mutual Automobile Insurance Company ("State Farm"), one of which covered the motorcycle. Hamilton filed a complaint for a declaratory judgment as to whether: (1) Plaintiff's motorcycle

insurance policy provides stacked or unstacked uninsured motorist coverage and (2) whether the limit for uninsured motorist benefits available is $50,000 or $100,000 per person at the time of the accident.

*Discussion*

I. **Standard for Motion to Dismiss**

In apprising the sufficiency of a complaint on a motion to dismiss, the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *South Florida Water Mgt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir. 1996). The Court must view the complaint in the light most favorable to the plaintiff and construe the allegations in the complaint as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c*); see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("[u]nder Rule 10(c) Federal

Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

## II. Motion to Dismiss

State Farm raises two issues in its Motion to Dismiss: (1) that Plaintiff failed to attach a complete copy of the insurance policies at issue, and (2) that the attached exhibits contradict the allegations in the complaint in that they definitively show that Hamilton rejected stacked uninsured motorist coverage.

### a. Plaintiff's Failure to Attach the Insurance Policies

State Farm filed the Motion to Dismiss while the case was pending in state court. This action is now governed by the Federal Rules of Civil Procedure given that the Defendant removed the case. Fed.R.Civ.P. 81(c); *Usatorres v. Marina Mercante Nicaraguenses, S.A.,* 768 F.2d 1285, 1287 (11th Cir. 1985). ("[a]fter removal to district court, the action is governed by the Federal Rules of Civil Procedure."). Under Federal Rule of Civil Procedure 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." However, the rule is permissive in nature. Unlike the Florida Rules of Civil Procedure, under the Federal Rules of Civil Procedure the plaintiff has "no obligation to attach to her complaint documents upon which her action is based." *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Therefore, failure to attach the policies at issue is not a basis for dismissal of this case.

**b. Contradictions between the Complaint and Exhibits**

The Court may examine the exhibits that are attached to the complaint when considering a Motion to Dismiss. *See Solis-Ramirez,* 758 F.2d at 1430. Hamilton attached to the complaint her Florida Uninsured Motorist Coverage Selection/Rejection Form (the "Selection/Rejection Form") related to the motorcycle involved in the accident. It evidences Hamilton's selection of non-stacking uninsured motor vehicle coverage. Generally, if the exhibits conflict with the allegations in the complaint, the exhibits control. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007)("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

State Farm argues that based on the language in the Selection/Rejection Form alone Hamilton is not entitled to stacked uninsured motorist coverage and her deceased husband is bound by her selection. Although State Farm raises the issue regarding the absent policies, it did not attach the insurance policies to its Motion to Dismiss, which it is permitted to do. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Venture Associates Corp,* 987 F.2d at 431 ("[d]ocuments that defendant attaches to motion to dismiss are considered part of pleadings if they are referred to in plaintiff's complaint and are central to her claim."). Since the policies are not before the Court for consideration, the Court cannot determine, as a matter of law, whether the Selection/Rejection Form alone resolves the dispute regarding the total amount of uninsured motorist coverage to which Hamilton is entitled.

Further, Hamilton's selection of non-stacked uninsured motor vehicle coverage does not necessarily preclude a cause of action for declaratory relief. In diversity cases, a federal court applies the law of the forum in which it sits. *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983). In one recent case, Florida's First District Court held that a non-stacking election by an insured's relative did not bind the insured when the insured was not a signatory to the endorsement. *Travelers Commercial Ins. Co. v. Harrington*, 86 So. 3d 1274 (Fla. 1st DCA 2012); review granted by 116 So. 3d 1264 (Fla. 2013). *But see Mercury Ins. Co. of Florida v. Sherwin*, 982 So. 2d 1266, 1270 (Fla. 4th DCA 2008) (finding that husband had authority, as wife's agent, to reject stacked coverage when obtaining motor vehicle insurance).

The Court does not make any conclusions regarding whether *Harrington* will ultimately govern the outcome of this case. The Court only concludes that the apparent contradictions between the allegations in the complaint and its exhibits alone are not sufficient to warrant dismissal at this point in the litigation.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Dkt. #5) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of September, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

5