UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA HAMILTON,

    Plaintiff,

v.   Case No: 8:13-cv-2107-T-30TBM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant State Farm Mutual Automobile Insurance Company's Dispositive Motion for Final Summary Judgment and Supporting Memorandum of Law (Dkt. #24) and Plaintiff Lisa Hamilton's Response to the Motion (Dkt. #28). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

### *Background*

Plaintiff, Lisa Hamilton, filed a declaratory action in state court for a declaration regarding Uninsured Motorist ("UM") coverage. Lisa Hamilton's husband, Thomas Hamilton, owned and operated a motorcycle which collided with another motor vehicle on July 4, 2012, resulting in his death.

At the time of the accident, the motorcycle was covered by an insurance policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") under policy number 958 3250 59 (the "Subject Policy"). When Plaintiff applied for the Subject Policy, she signed a Florida Uninsured Motor Vehicle Coverage – Selection/ Rejection Form (the "Form"). The Complaint alleges that Plaintiff is uncertain as to (1) whether the Subject Policy provides stacked or non-stacked UM coverage on the date of the accident and (2) whether the per person limit of UM coverage on the date of the accident was $50,000 or $100,000 per person.

*Discussion*

I. **Summary Judgment Standard**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *See id*. Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *See id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *See Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *See Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *See Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

This Court sits in diversity jurisdiction and the case requires consideration of state law contract claims; therefore the law of the forum state applies. *Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005). Under Florida law, insurance policies are interpreted according to the law of the place the insurer issued the policy. *State Farm Mut. Auto Ins. Co. v. Roach*, 945 So. 2d 1160, 1161 (Fla. 2006). The parties do not dispute that State Farm issued the Subject Policy in Florida, therefore Florida law applies.

3

## II. State Farm's Motion for Summary Judgment

State Farm initially filed a Motion to Dismiss arguing that a named insured's selection of non-stacked UM coverage was binding on other insureds. In this case, Plaintiff selected non-stacking UM coverage, so there was no uncertainty as to the benefits available under the Subject Policy. The Court denied the Motion, noting that the state district courts in Florida were split on the issue. Florida's First District Court held that a non-stacking election by an insured's relative did not bind the insured when the insured was not a signatory to the endorsement. *Travelers Commercial Ins. Co. v. Harrington*, 86 So. 3d 1274 (Fla. 1st DCA 2012); *review granted by* 116 So. 3d 1264 (Fla. 2013). Florida's Fourth District Court held that a husband had authority, as his wife's agent, to reject stacked coverage when obtaining motor vehicle insurance. *Mercury Ins. Co. of Florida v. Sherwin*, 982 So. 2d 1266, 1270 (Fla. 4th DCA 2008).

After the Court entered the Order denying Defendant's Motion to Dismiss, the Florida Supreme Court resolved the conflict and held that a named insured's selection of non-stacking UM coverage with limits less than the bodily injury liability limits was binding on all insureds under the policy. *See Travelers Commercial Ins. Co. v. Harrington*, 39 Fla. L. Weekly S647 (Fla. Oct. 23, 2014).

Plaintiff agrees that the Florida Supreme Court decision in *Harrington* is adverse to her position but argues that there are two issues that prevent summary judgment in favor of State Farm. She asserts that there is a genuine issue of material fact as to an ambiguity in the Form which affects whether the Court should enforce it. Plaintiff selected the paragraph on the Form which states "I hereby reject Uninsured Motor Vehicle coverage

4

with limits equal to my Bodily Injury Liability coverage limits and, instead, select the non-stacking form of Uninsured Motor Vehicle coverage with lower limits of $50,000/$100,000." "$50,000/$100,000" is typed into the Form without the words "per person" or "per accident." Therefore, Plaintiff argues that the Form is ambiguous rendering it unenforceable, thereby entitling her to stacked UM coverage. The unenforceability of the Form creates a second genuine issue of material fact as to whether Plaintiff's purchase of an additional vehicle the morning of the accident increases her insurance benefits.

"Under Florida law, interpretation of an insurance contract, including determination and resolution of ambiguity, is a matter of law." *Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993). Further, "[u]nder Florida law, courts must construe an insurance contract in its entirety, striving to give every provision meaning and effect." *Id*. (citing *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So. 2d 938, 941 (Fla. 1979)). "An insurance contract is ambiguous if it is susceptible to two or more reasonable interpretations that can fairly be made." *Id*. "When one of these interpretations results in coverage and another results in exclusion, ambiguity exists in the insurance policy." *Id*.

However, "[u]nder Florida law, if the terms of an insurance contract are clear and unambiguous, a court must interpret the contract in accordance with its plain meaning, …, a court should not resort to outside evidence or the complex rules of construction to construe the contract." *Key v. Allstate Ins. Co*., 90 F.3d 1546, 1549 (11th Cir. 1996). The Court should not "create confusion by adding hidden meanings, terms, conditions, or unexpressed intentions" and should give the words "their natural, ordinary meaning, []

5

ambiguity does not exist simply because a contract requires interpretation or fails to define a term[.]" *Id.* (internal citations omitted.)

When a policy does not define relevant terms, the "first step towards discerning the plain meaning of the phrase is to consult references that are commonly relied upon to supply the accepted meaning of the words." *Penzer v. Transp. Ins. Co.*, 29 So. 3d 1000, 1005 (Fla. 2010). "[A]n insurance policy is not ambiguous simply because it is complex or requires analysis, or because relevant words used within the policy are not defined by the policy." *Cheetham v. S. Oak Ins. Co.*, 114 So. 3d 257, 262 (Fla. 3d DCA 2013), *reh'g denied* (June 7, 2013), *review denied*, 129 So. 3d 1069 (Fla. 2013) (internal quotations and citations omitted).

The Form explicitly states that "[t]he selected coverage must be at limits equal to the Bodily Injury Liability coverage limits in your policy unless you select lower limits of coverage." The bodily injury liability limits in the Subject Policy provides $100,000 per person and $300,000 per accident. Since Plaintiff selected UM coverage below the bodily injury liability limits, it would be unreasonable to interpret the Form as providing $100,000 per person. Further, the Subject Policy's Declarations page and Plaintiff's other policies and renewals with State Farm consistently list the coverage limits as "per person/per accident" with the "per person" limit as the lower dollar amount.

The Court concludes that the Form is not ambiguous. Under the plain language and natural reading of the provision, the reasonable interpretation of "$50,000/$100,000" is that the Subject Policy provides $50,000 per person and $100,000 per accident in UM coverage. *See Nationwide Mut. Fire Ins. Co. v. Kauffman*, 495 So. 2d 1184, 1189 (Fla. 4th

Case 8:13-cv-02107-JSM-TBM   Document 29   Filed 12/15/14   Page 7 of 9 PageID 563

DCA 1986) (concluding that "10/20" written into a blank line in the portion of a motor vehicle insurance contract regarding UM benefits provided $10,000/$20,000 in UM coverage.) Even if an ambiguity existed as to "$50,000/$100,000," it would not create an ambiguity as to whether Plaintiff chose non-stacking UM coverage. *See Larusso v. Garner*, 888 So. 2d 712, 717 (Fla. 4th DCA 2004) (finding ambiguity in one portion of selection/rejection form, but nonetheless holding that the insured clearly selected non-stacking UM coverage where he checked the box for non-stacking UM coverage and paid the reduced premium associated with it.)

Plaintiff also argues that her rejection of stacking UM coverage with limits lower than her bodily injury liability limits was not knowing and voluntary. "Evidence of a written rejection establishes a prima facie showing that uninsured motorist coverage does not apply." *Lewis v. Liberty Mut. Fire Ins. Co.*, 789 F. Supp. 2d 1289, 1293 (S.D. Fla. 2011) *aff'd*, 450 Fed. Appx. 806 (11th Cir. 2011) (citing *Jackson v. State Farm & Cas. Co.*, 469 So. 2d 191, 193 (Fla. 2d DCA1985)). Once the insurer produces the written rejection "[t]he burden then shifts to the opposing party to show the rejection was not knowing and informed." *Id.*

"Absent exigent circumstances such as forgery, fraud, or trickery, the insured is deemed to be bound by his signature on an informed rejection form." *State Farm Mut. Auto. Ins. Co. v. Parrish*, 873 So. 2d 547, 550 (Fla. 5th DCA 2004) (finding that the insured's signature on State Farm's selection/rejection form which explained the differences between stacking and non-stacking UM coverage did not contain an ambiguity and created a conclusive presumption of the insured's knowing and voluntary waiver of

stacking UM coverage). Plaintiff has not produced any evidence to overcome the presumption that her rejection of non-stacking UM coverage with limits lower than her bodily injury liability coverage was knowing and voluntary.

Having determined that the Form is not ambiguous and enforceable, and that Plaintiff selected non-stacking UM coverage in the amount of $50,000 per person and $100,000 per accident, the Court need not address whether Plaintiff's vehicle purchase the morning of the accident increased her insurance coverage.

*Conclusion*

The Court concludes that the Subject Policy provides non-stacking UM coverage in the amount of $50,000 per person and $100,000 per accident.  Plaintiff's knowing and voluntary selection of non-stacking UM coverage in the aforementioned limits is binding on her husband, and governs the coverage available for the July 4, 2012 accident at issue in this case.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant State Farm Mutual Automobile Insurance Company's Dispositive Motion for Final Summary Judgment and Supporting Memorandum of Law (Dkt. #24) is GRANTED.

2. The Court denies all pending motions as moot.

3. The Clerk of Court is directed to enter judgment in favor of Defendant State Farm Mutual Automobile Insurance Company and against Plaintiff Lisa Hamilton and close this case.


**DONE** and **ORDERED** in Tampa, Florida, this 15th day of December, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2107 28 msj.docx